ALDERMAN, JAMES ' E., Associate Judge
(dissenting).
I concur with Judge Downey’s opinion that the Petition for Re-Hearing of the ap-pellee, State of Florida, should be denied. If the convictions are to be affirmed the appellant may be properly sentenced only for the highest offense.
However, I believe appellant’s Petition for Re-Hearing should be granted. In addition to the reasons set out in my dissent previously filed herein, appellant has brought to the court’s attention the case of Crawford v. State (1915), 70 Fla. 323, 70 So. 374. Sixty years ago, the Florida Supreme Court in .Crawford held an involuntary confession of a defendant inadmissible as evidence against him, even though he takes the stand as a witness in his own behalf, and the involuntary confession is sought to be used for the purpose of impeaching him as a witness. The words of Justice Ellis in that case are as true today *472 as they were in 1915. Speaking for the Court he said:
“. . . . An involuntary confession, however, is inadmissible against the prisoner on the trial. It is so considered because, having been made under compulsion, it is unworthy of belief, and was obtained in violation of the prisoner’s constitutional rights. May it reasonably be contended that, because the prisoner at a later time, namely, at the trial, avails himself of the privilege of becoming a witness in his own behalf, he thereby imports to his former statements a virtue that they did not possess when made? The object of the prosecution is to get before the jury the confession of the prisoner; it cannot be done before the prisoner takes the stand as a witness, because it was extorted from him, he gave it under compulsion, he was deprived of his constitutional rights; it would therefore be unfair and unjust to him, besides being considered in law unworthy of belief. May such a confession be used nevertheless for purposes of impeachment, and thereby accomplish indirectly what could not be accomplished directly? The jury would hear the confession just the same, and it would have its effect in convicting the defendant just as if it had been admitted as part of the state’s case in chief.
There is little or no difference in effect upon the jury, whether the confession is admitted as part of the state’s case in chief, or later during the trial to impeach the testimony of the defendant; the jury hears it and acts upon it, and the consequences to the defendant are the same; his legal rights as a prisoner are thus violated, and his conviction unlawfully obtained. We do not approve the narrow reason which seeks to justify the admission in evidence of a confession unlawfully obtained but hold that, being inadmissible as evidence against the defendant in the one case, it is inadmissible as evidence against him in the other. His becoming a witness in his own behalf does not change its unlawful character, nor does he thereby waive his right to its exclusion. . . . ”
Crawford has not been overruled and in my opinion the language quoted above is a correct statement of the law of Florida.